IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONGKUK INTERNATIONAL, INC. | § § § | |
| *vs*. | § § | C.A. NO. H – 11 – 502 |
| M/V WLADYSLAW ORKAN, *etc., et al*. | § § § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Dongkuk International, Inc. files this Original Complaint against Defendants, the M/V WLADYSLAW ORKAN, *in rem*, and Stemblar Shipping Co. Ltd. ("Stemblar") and Chinese–Polish Joint Stock Shipping Company ("Chipolbrok"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a California corporation with its principal place of business in Torrance, California.

3. At all times material, Stemblar owned, managed and/or operated the M/V

WLADYSLAW ORKAN as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai, People's Republic of China and Houston.  Stemblar is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Stemblar is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Stemblar may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Stemblar has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Stemblar is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Stemblar with a summons is effective to establish personal jurisdiction over it.  Stemblar can be served by serving the Texas Secretary of State.  Process or notice can be sent to Stemblar at its home office located at 26–28th Floors, Gong Shang Lian Da Sha, 55, Yan'an Donglu, Huangpu Qu, Shanghai, 200002, People's Republic of China.

4. At all times material, Chipolbrok chartered, managed and/or operated the M/V WLADYSLAW ORKAN as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai and Houston. Chipolbrok is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Chipolbrok is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Chipolbrok may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Chipolbrok has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Chipolbrok is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Chipolbrok with a summons is effective to establish personal jurisdiction over it. Chipolbrok can be served by an officer with its wholly owned subsidiary, Chipolbrok America, Inc., at Greenspoint Plaza No. 4, 16945 Northchase Drive, Suite 2300 Houston, Texas 77060

5.     On or about December 3, 2009, Plaintiff's shipper tendered in good order and condition to Defendants at Shanghai a cargo of steel sheet coils. Defendants agreed safely to receive, load, stow, secure, carry, discharge and deliver the cargo at Houston in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargo in good order and condition and accordingly therewith issued at Shanghai various bills of lading including Bill of Lading No. CPJQOR35SHAHOU01, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V WLADYSLAW ORKAN.

6.     On or about February 15, 2010, the M/V WLADYSLAW ORKAN arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, contaminated, stained, moldy, mildewed, short, slack, missing and otherwise physically damaged. The damages and loss proximately resulted from Defendants' acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V WLADYSLAW ORKAN.

7.     Plaintiff proximately has sustained damages exceeding $24,406.53 plus interest dating from December 3, 2009, demand for which has been made upon Defendants but which they refuse to pay.

8. At all times material, Plaintiff owned the cargo and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Dongkuk International, Inc. Company prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V WLADYSLAW ORKAN, her engines, tackle, apparel, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V WLADYSLAW ORKAN be condemned and sold to satisfy the damages aforesaid; and, that this Honorable Court adjudge that the M/V WLADYSLAW ORKAN, *in rem*, and Stemblar Shipping Co. Ltd. and Chinese–Polish Joint Stock Shipping Company, *in personam*, jointly and severally, are liable to Plaintiff for its damages and attorney fees as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _/s/ Robert C. Oliver_
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    550 Westcott, Suite 230
    Houston, Texas 77007–5096
    Telephone:  (713) 864–2221
    Facsimile:  (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF